## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **KEYASIA MITCHELL and MY-ASIA MITCHELL,** on behalf of themselves and all others similarly situated,<br><br>     **Plaintiffs,**<br><br>  -against-<br><br>**KTY FRANCHISE HOLDINGS, INC. and KEVIN YOUNG,**<br>      **Defendants.** | **No. 1:23-cv-05906**<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**Jury Trial Demanded** |

Plaintiffs Keyasia Mitchell and My-asia Mitchell (collectively, "Plaintiffs"), individually and on behalf of all others similarly situated, as class representatives, upon personal knowledge as to themselves, and upon information and belief as to other matters, allege as follows:

### NATURE OF THE ACTION

1. This action arises out of Defendants KTY Franchise Holdings, Inc.'s and Kevin Young's (collectively, "Defendants") failure to comply with the New York City Fair Workweek Law, Title 20, Chapter 12 of the New York City Administrative Code ("Fair Workweek Law"); the New York Labor Law ("NYLL"), Article 6, §§ 190, *et seq.*, and Article 19, §§ 650, *et seq.*; the NYLL's supporting New York State Department of Labor Regulations; and the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq.* ("FLSA").

2. New York City passed the Fair Workweek Law to require fast food employers to provide their employees with predictable schedules with advance notice, sufficient time between shifts, and pathways to full-time employment. Defendants have violated the Fair Workweek Law by: (1) failing to provide a written copy of employees' regular schedules and/or a good faith estimate of their schedules; (2) failing to provide employees with at least 14-days' notice of their

schedules; (3) changing employees' schedules at the last minute; (4) requiring employees to work closing and opening shifts without at least 11 hours off in between; and (5) failing to offer new shifts to current employees before hiring new employees. *See* N.Y.C. Admin. Code §§ 20-1221-22; 20-1231; 20-1241.

3.    Defendants violated the NYLL and the FLSA by requiring employees to work off-the-clock at the end and start of their shifts to avoid having to pay overtime premiums.

4.    Defendants also violated the NYLL by failing to provide each employee with a statement, with every payment of wages, listing the following: phone number of employer; all rates of pay, including the Fair Workweek premiums, which Defendants did not pay; and all hours worked.  N.Y. Lab. Law § 195(3).

5.    Finally, Defendants violated the NYLL by failing to provide employees with wage notices at the time of their hire, as required by the NYLL, Article 6, § 195(1).

## THE PARTIES

### Plaintiffs

**Keyasia Mitchell**

6.    Keyasia Mitchell is an adult resident of Bronx, New York.

7.    Keyasia Mitchell was employed as an hourly employee at Defendants' Chick-Fil-A location at 918 8th Avenue, New York, New York 10019 from approximately June 2020 through December 2022.

8.    Keyasia Mitchell is a covered employee within the meaning of the Fair Workweek Law, the NYLL, and the FLSA.

9.    A written consent form for Keyasia Mitchell is attached to this Complaint as Exhibit A.

### *Violations of Keyasia Mitchell's Rights Under the Fair Workweek Law*

10.    Defendants violated Keyasia Mitchell's rights under the Fair Workweek Law in numerous ways.

11.    When Defendants first hired Keyasia Mitchell, they did not provide her with a good faith estimate, written notice of the hours, dates, times, and locations of her expected regular schedule.  N.Y.C. Admin. Code § 20-1221(a).

12.    During Keyasia Mitchell's employment, Defendants regularly failed to provide her with a written, final, accurate copy of her work schedule at least 14 days before the first day of each schedule.  N.Y.C. Admin. Code §§ 20-1201 and 1221(b)-(c).

13.    Defendants also failed to post the final, accurate schedule in Keyasia Mitchell's workplace and personally provide it to her, either electronically or on paper.  N.Y.C. Admin. Code § 1221(c)(1).

14.    Further, Defendants regularly changed Keyasia Mitchell's schedule at the last minute and failed to pay her schedule change premiums.  N.Y.C. Admin. Code § 20-1222(a); 6 R.C.N.Y. § 7-606(b).

15.    Defendants also failed to notify Keyasia Mitchell of the details of available shifts, including whether the shifts were recurring and how to express an interest in picking them up, before hiring new employees.  N.Y.C. Admin. Code § 20-1241.

### *Violations of Keyasia Mitchell's Rights Under the FLSA*

16.    Aside from violating her rights under the Fair Workweek Law, Defendants also consistently violated Keyasia Mitchell's FLSA rights.

17.    From approximately June 2020 through December 2020, Keyasia Mitchell worked opening shifts at Defendants' Chick-Fil-A.

18.    Defendants only permitted hourly employees, including Keyasia Mitchell, to clock in approximately 30 minutes prior to the store opening to customers.

19.    However, the hourly employees working opening shifts could not complete all tasks necessary to prepare the store for customers within 30 minutes.

20.    Because of this, Keyasia Mitchell worked off-the-clock for approximately 20 minutes every day before clocking in every time she worked an opening shift.

21.    Defendants did not compensate Keyasia Mitchell for this work in violation of the FLSA.

22.    Defendants were aware that Keyasia Mitchell and other employees working the opening shifts worked off-the-clock and uncompensated.

### *Violations of Keyasia Mitchell's Rights Under the NYLL*

23.    Defendants also violated Keyasia Mitchell's rights under the NYLL.

24.    Defendants willfully failed to supply Keyasia Mitchell with wage notices at the time of her hire, as required by the NYLL, Article 6, § 195(1), containing her rate or rates of pay and bases thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the Commissioner of Labor of the State of New York had deemed material and necessary.

25.    During Keyasia Mitchell's employment, the paystubs that Defendants provided to her did not include Defendants' phone number; all rates of pay, including the Fair Workweek

premiums, which Defendants did not pay; or all hours worked.

**My-asia Mitchell**

26.     My-asia Mitchell is an adult resident of Manhattan, New York.

27.     My-asia Mitchell was employed as an hourly employee at Defendants' Chick-Fil-A location at 918 8th Avenue, New York, New York 10019 from approximately September 2018 through December 2022.

28.     My-asia Mitchell is a covered employee within the meaning of the Fair Workweek Law, the NYLL, and the FLSA.

29.     A written consent form for My-asia Mitchell is attached to this Complaint as Exhibit B.

### *Violations of My-asia Mitchell's Rights Under the Fair Workweek Law*

30.     Defendants have violated My-asia Mitchell's rights under the Fair Workweek Law.

31.     When Defendants first hired My-asia Mitchell, they did not provide her with a good faith estimate, written notice of the hours, dates, times, and locations of her expected regular schedule.  N.Y.C. Admin. Code § 20-1221(a).

32.     During My-asia Mitchell's employment, Defendants regularly failed to provide her with a written, final, accurate copy of her work schedule at least 14 days before the first day of each schedule.  N.Y.C. Admin. Code §§ 20-1201 and 1221(b)-(c).

33.     Defendants also failed to post the final, accurate schedule in My-asia Mitchell's workplace and personally provide it to her, either electronically or on paper.  N.Y.C. Admin. Code § 1221(c)(1).

34.     Further, Defendants regularly changed My-asia Mitchell's schedule at the last minute and failed to pay her schedule change premiums.  N.Y.C. Admin. Code § 20-1222(a); 6

R.C.N.Y. § 7-606(b).

35.    Defendants also failed to notify My-asia Mitchell of the details of available shifts, including whether the shifts were recurring and how to express an interest in picking them up, before hiring new employees.  N.Y.C. Admin. Code § 20-1241.

### *Violations of My-asia Mitchell's Rights Under the FLSA*

36.    Defendants also consistently violated My-asia Mitchell's FLSA rights.

37.    Throughout her entire tenure, My-asia Mitchell worked opening shifts at Defendants' Chick-Fil-A, particularly on Saturdays.

38.    Defendants only permitted hourly employees, including My-asia Mitchell, to clock in approximately 30 minutes prior to the store opening to customers.

39.    However, the hourly employees working the opening shifts could not complete all tasks necessary to prepare the store for customers within 30 minutes.

40.    Because of this, My-asia Mitchell worked off-the-clock for approximately 20 minutes before clocking in every time she worked an opening shift.

41.    Defendants did not compensate My-asia Mitchell for this work in violation of the FLSA.

42.    Defendants were aware that My-asia Mitchell and other employees working the opening shifts worked off-the-clock and uncompensated.

### *Violations of My-asia Mitchell's Rights Under the NYLL*

43.    Defendants also violated My-asia Mitchell's NYLL rights.

44.    Defendants willfully failed to supply My-asia Mitchell with wage notices at the time of their hire, as required by the NYLL, Article 6, § 195(1), containing her rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other;

hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; plus such other information as the Commissioner of Labor of the State of New York had deemed material and necessary.

45.    During My-asia Mitchell's employment, the paystubs that Defendants provided to her did not include Defendants' phone number; all rates of pay, including the Fair Workweek premiums, which Defendants did not pay; or all hours worked.

**Defendant**

**KTY Franchise Holdings, Inc.**

46.    KTY Franchise Holdings, Inc. ("KTY") is a Delaware Corporation with a principal place of business in New York, New York.

47.    During all relevant times, KTY was Plaintiffs' employer within the meaning of the Fair Workweek Law, the NYLL, and the FLSA.

48.    KTY is an "enterprise" as defined by the FLSA.  29 U.S.C. § 203(r)(1).

49.    It is also an enterprise engaged in commerce, or in the production of goods for commerce, within the meaning of the FLSA.  29 U.S.C. § 203(s)(1)(A).

50.    At all times relevant hereto, KTY's annual dollar volume of business has exceeded $500,000.00 per year.

51.    KTY is a "fast food establishment" under the Fair Workweek Law because it is a limited-service establishment that is part of a chain with 30 or more establishments nationally, where patrons order or select food and drink items and pay before eating.  N.Y.C. Admin. Code § 20-1201.

**Kevin Young**

52.     Upon information and belief, Kevin Young is a resident of the State of New York.

53.     Kevin Young owns and is an agent of KTY.

54.     Kevin Young has power over payroll decisions at KTY.

55.     Kevin Young takes an active role in managing KTY.

56.     Kevin Young has the power to hire and fire employees at KTY, set their wages, retain time and/or wage records, and otherwise control the terms of their conditions of employment.

57.     Kevin Young visited the store where Plaintiffs worked multiple times per week.

58.     During all relevant times, Kevin Young has been Plaintiffs' employer within the meaning of the FLSA, the Fair Workweek Law, and the NYLL.

## JURISDICTION AND VENUE

59.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and supplemental jurisdiction over Plaintiffs' state and municipal law claims pursuant to 28 U.S.C. § 1367.

60.     Defendants are subject to personal jurisdiction in New York.

61.     This Court also has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

62.     This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

63.     Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this district.

## COLLECTIVE ACTION ALLEGATIONS

64.     Plaintiffs bring this action on behalf of themselves and other current and former employees of Defendants. The FLSA Collective that Plaintiffs Keyasia Mitchell and My-asia Mitchell seek to represent is defined as:

> **All hourly employees who worked one or more opening shifts while employed by Defendants at any time within three years prior to the filing date of this action through the date of final disposition.**

65.     At all relevant times, Plaintiffs and members of the above FLSA Collective (the "Collective" or "Collective Members") were similarly situated, had substantially similar job requirements and pay provisions, and were subject to Defendants' decisions, policies, plans, and common programs, practices, procedures, protocols, routines, and rules, pursuant to which Defendants willfully refused to pay Plaintiffs and Collective Members their full, legally required wages for all hours worked. Defendants required Plaintiffs and Collective Members to work off-the-clock without compensation in violation of the FLSA.  Plaintiffs' claims stated herein are essentially the same as those of the other Collective Members.

66.     Defendants' unlawful conduct, as described in this Class and Collective Action Complaint, is pursuant to a corporate policy or practice of minimizing labor costs by failing to record the hours that employees work.

67.     Defendants were aware or should have been aware that federal law requires them to pay employees for all hours worked and requires them to do so at a minimum wage rate.

68.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

69.     The FLSA Causes of Action are properly brought under and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

70.     The Collective Members are readily ascertainable.

71.     For the purpose of notice and other purposes related to this action, the Collective

Members' names and addresses are readily available from Defendants' records.

## FAIR WORKWEEK LAW CLASS ALLEGATIONS

72.     Pursuant to Rule 23(b)(1), (b)(2), and (b)(3) of the Federal Rules of Civil

Procedure, Plaintiffs bring this action on behalf of themselves and other current and former

employees.  The Fair Workweek Law Class that Plaintiffs seek to represent is defined as:

> **All hourly employees employed by Defendants in New York City at any time within two years prior to the filing date of this action through the date of final disposition.**

73.     The proposed Fair Workweek Law Class is so numerous that joinder of all members

is impracticable.  During the relevant period, Defendants have employed hundreds of employees

in New York City.

74.     The claims of Plaintiffs are typical of the members of the proposed Fair Workweek

Law Class:

- **Good Faith Estimate/Written Copy of Regular Schedule**: Defendants fail to provide each employee with a written good faith estimate of the hours, dates, times, and locations of the employee's expected regular work schedule ("good faith estimate").  N.Y.C. Admin. Code § 20-1221(a).  The employer must provide a good faith estimate to each employee on or before the employee's first day of work and whenever the employee's expected regular schedule changes.  *Id.*

- **Advance Notice of Schedule**: Defendants fail to provide each employee with a final, accurate, written work schedule at least 14 days before the first day of each schedule.  N.Y.C. Admin. Code §§ 20-1201 and 1221(b)-(c).  Defendants fail to post the schedule in the workplace and personally provide to each employee, either electronically or on paper.  N.Y.C. Admin. Code § 1221(c)(1).  Defendants also fail to provide employees with the new versions of the schedule within 24 hours of making the change.  *Id.* § 1221(c)(2).

- **Consent for Additional Hours**: Although Defendants are permitted to add time to employees' schedules or ask them to work late, employees may decline to work additional time that was not included in their initial work

schedules, and employers must obtain employees' written consent to work additional time. N.Y.C. Admin. Code § 20-1221(d). Employers must obtain employee consent to each unique schedule change; general or ongoing consent is insufficient. 6 R.C.N.Y. § 7-606(a). Defendants do not obtain written consent when requiring employees to work additional time.

- **Schedule Change Premium Pay**: When Defendants make a change of more than 15 minutes to an employee's schedule with less than 14 days' notice, Defendants must pay the employee a schedule change premium ("premium pay"). N.Y.C. Admin. Code § 20-1222(a); 6 R.C.N.Y. § 7-606(b). The amount of premium pay owed is between $10 and $75 per schedule change, depending on how much advance notice the employee received, and whether the employer added or subtracted time from the work schedule. N.Y.C. Admin. Code § 20-1222(a). Defendants do not pay this premium pay to their employees.

- **Access to Hours**: Defendants must give current part-time employees the opportunity to work more shifts before hiring new employees. When Defendants have available shifts to assign, before hiring new employees, they must notify current employees of the details of the available shifts, including whether the shifts are recurring and how to express interest in picking them up. N.Y.C. Admin. Code § 20-1241. When an employee picks up a recurring shift under this procedure, Defendants must add the shift to the employee's good faith estimate. N.Y.C. Admin. Code § 20-1221(a). Defendants do not comply with these requirements.

- **Recordkeeping:** Defendants must maintain records that document their compliance with each of the above requirements of the Fair Workweek Law for three years. N.Y.C. Admin. Code § 20-1206(a); 6 R.C.N.Y. § 7-609(a).

75.     Each class member's claim is controlled by the Fair Workweek Law and one set of facts. Pursuant to Fed. R. Civ. P. 23(b)(3), questions of law and fact are common to the class and predominate over any individual questions. Such common questions of law and fact include, but are not limited to, whether the Rule 23 Class is similarly situated because they all were subject to Defendants' common policy and practice of violating the Fair Workweek Law.

76.     Pursuant to Fed. R. Civ. P. 23(b)(1)(A), a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources and incentives to

prosecute separate lawsuits against their employer. The damages suffered by the individual class members are small compared to the expense and burden of individual prosecutions of this litigation. Prosecuting hundreds of identical, individual lawsuits would neither promote judicial efficiency or equity, nor necessarily give consistent results. Class certification will eliminate the need for duplicate litigation.

77.     Pursuant to Fed. R. Civ. P. 23(b)(2), Defendants have acted, or have refused to act, on grounds generally applicable to the Rule 23 class, thereby making appropriate final injunctive relief, or corresponding declaratory relief, with respect to the class as a whole.

78.     Plaintiffs will fully and adequately protect the interests of the class. Plaintiffs seek the same recovery as the class, predicated upon the same violations of law and the same damages theory. Plaintiffs have retained counsel who are qualified and experienced in the prosecution of wage and hour class actions. Neither Plaintiffs nor their counsel have interests that are contrary to, or conflicting with, the interests of the class.

<u>**NYLL CLASS ALLEGATIONS**</u>

79.     Pursuant to Rule 23(b)(1), (b)(2), and (b)(3) of the Federal Rules of Civil Procedure, Plaintiffs bring this action on behalf of themselves and other current and former employees. The NYLL Class that Plaintiffs seek to represent is defined as:

> **All hourly employees employed by Defendants in New York at any time within six years prior to the filing date of this action through the date of final disposition.**

80.     The proposed NYLL Class is so numerous that joinder of all members is impracticable. During the relevant period, Defendants have employed hundreds of employees in New York.

81.     The claims of Plaintiffs are typical of the members of the proposed NYLL class:

- Defendants fail to keep true and accurate time and pay records for all hours worked by Plaintiffs and the NYLL Class Members, and other records;

- Defendants fail to furnish Plaintiffs and the NYLL Class Members with wage notices at the time of their hire, as required by Article 6, § 195(1) ofthe NYLL; and

- Defendants fail to furnish Plaintiffs and the NYLL Class Members with accurate statements of wages, hours worked, its telephone number, and all wages earned, including Fair Workweek premiums, which it did not pay, as required by Article 6, § 195(3) of the NYLL.

82.     Each class member's claim is controlled by the NYLL and one set of facts. Pursuant to Fed. R. Civ. P. 23(b)(3), questions of law and fact are common to the class and predominate over any individual questions.  Such common questions of law and fact include, but are not limited to, whether the Rule 23 Class is similarly situated because they all were subject to Defendants' common policy and practice of violating the Fair Workweek Law.

83.     Pursuant to Fed. R. Civ. P. 23(b)(1)(A), a class action is superior to other available methods for the fair and efficient adjudication of the controversy, particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources and incentives to prosecute separate lawsuits against their employer. The damages suffered by the individual class members are small compared to the expense and burden of individual prosecutions of this litigation. Prosecuting hundreds of identical, individual lawsuits would not promote judicial efficiency or equity, nor necessarily give consistent results.  Class certification will eliminate the need for duplicate litigation.

84.     Pursuant to Fed. R. Civ. P. 23(b)(2), Defendants have acted, or have refused to act, on grounds generally applicable to the Rule 23 class, thereby making appropriate final injunctive relief, or corresponding declaratory relief, with respect to the class as a whole.

85.     Plaintiffs will fully and adequately protect the interests of the class. Plaintiffs seek the same recovery as the class, predicated upon the same violations of law and the same damages theory.  Plaintiffs have retained counsel who are qualified and experienced in the prosecution of wage and hour class actions.  Neither Plaintiffs nor their counsel have interests that are contrary to, or conflicting with, the interests of the class.

**FIRST CAUSE OF ACTION**
**FLSA – Unpaid Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

86.     Plaintiffs, on behalf of themselves and the FLSA Collective Members, reallege and incorporate by reference all allegations in all preceding paragraphs.

87.     Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Class and Collective Action Complaint.

88.     Defendants are required to pay Plaintiffs for all hours worked.

89.     Defendants are required to pay Plaintiffs the applicable state minimum wage rates for all hours worked under 40 in a workweek and one-and-one-half times the minimum wage for all work in excess of 40 hours per workweek.

90.     Defendants required or knowingly permitted Plaintiffs to perform work off the clock and without compensation, depriving them of the minimum wage and overtime premiums.

91.     Defendants' unlawful conduct, as described in this Complaint, has been willful and intentional.  Defendants were aware or should have been aware that the practices described in this Complaint were unlawful.  Defendants did not make a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs.

92.     Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201, *et seq.*

93.     As a result of Defendants' willful violations of the FLSA, Plaintiffs have suffered damages by being denied wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201, *et seq.*

### SECOND CAUSE OF ACTION
**Fair Workweek Law**
**Failure to Provide Written Good Faith Estimates**
**(Brought on behalf of Plaintiffs and the Fair Workweek Class)**

94.     Plaintiffs, on behalf of themselves and the Fair Workweek Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

95.     Defendants are required to provide each new employee with a written good faith estimate of their predictable and regular work schedule no later than when a new employee receives his or her first work schedule.  N.Y.C. Admin. Code § 20-1221(a).

96.     Defendants are also required to maintain records of the good faith estimates they provide to employees.  N.Y.C. Admin. Code § 20-1206(a); 6 R.C.N.Y. § 7-609(a)(2)(i). A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true.  N.Y.C. Admin. Code § 20-1206(b).

97.     Defendants committed a violation of Section 20-1221(a) of the Fair Workweek Law each time they failed to provide a written good faith estimate to any employees hired to work in any New York City store.

98.     As a result of Defendants' violations of Section 20-1221(a) of the Fair Workweek Law, Plaintiffs and the Fair Workweek Class have been deprived of a predictable schedule and are entitled to: (1) an order directing compliance; (2) $200 and unpaid schedule change premiums, ranging from $10 to $75 for each violation; (3) compensatory damages and any other relief required to make the employee whole; and (4) reasonable attorney's fees.

### THIRD CAUSE OF ACTION
**Fair Workweek Law**
**Failure to Provide Advance Notice of Work Schedules**
**(Brought on behalf of Plaintiffs and the Fair Workweek Class)**

99.     Plaintiffs, on behalf of themselves and the Fair Workweek Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

100.     Defendants are required to provide employees with written notice of their work schedules at least 14 days before the first day of each schedule.  N.Y.C. Admin. Code § 20-1221(b).

101.     Defendants are also required to maintain records of each written schedule provided to each employee.  N.Y.C. Admin. Code § 20-1206(a); 6 R.C.N.Y. § 7-609(a)(1)(iii).  A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true.  N.Y.C. Admin. Code § 20-1206(b).

102.     Defendants committed a violation of Section 20-1221(b) of the Fair Workweek Law each week they failed to provide each employee with that employee's written work schedule 14 days in advance.

103.     As a result of Defendants' violations of Section 20-1221(b) of the Fair Workweek Law, Plaintiffs and the Fair Workweek Class have been deprived of a predictable schedule and are entitled to: (1) an order directing compliance; (2) unpaid schedule change premiums, ranging from $10 to $75 for each violation; (3) compensatory damages and any other relief required to make the employees whole; and (4) reasonable attorney's fees.

### FOURTH CAUSE OF ACTION
**Fair Workweek Law**
**Failure to Provide Schedule Change Premiums**
**(Brought on behalf of Plaintiffs and the Fair Workweek Class)**

104.     Plaintiffs, on behalf of themselves and the Fair Workweek Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

105.    Defendants are required to provide employees with premium pay for changes they makes to employees' work schedules any time after the 14-day statutory schedule provision date. N.Y.C. Admin. Code § 20-1222(a).

106.    Defendants are required to maintain records that show each written work schedule provided to each employee, each employee's actual hours worked, and the amounts of premium pay provided to employees whose work schedules are changed by Defendants with less than 14 days' notice.  N.Y.C. Admin. Code § 20-1206(a); 6 R.C.N.Y. §§ 7-609(a)(1) and 609(a)(2)(ii). A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true.  N.Y.C. Admin. Code § 20-1206(b).

107.    Defendants committed a unique violation of Section 20-1222(a) of the Fair Workweek Law each time they failed to pay required schedule change premiums to fast food employees whose work schedules they changed with less than 14 days' notice.

108.    As a result of Defendants' violations of Section 20-1222(a) of the Fair Workweek Law, Plaintiffs and the Fair Workweek Class have been deprived of a predictable schedule and are entitled to: (1) an order directing compliance; (2) unpaid schedule change premiums, ranging from $10 to $75 for each violation; (3) compensatory damages and any other relief required to make the employee whole; and (4) reasonable attorney's fees.

**FIFTH CAUSE OF ACTION**
**Fair Workweek Law**
**Failure to Offer Newly Available Shifts to Existing Employees**
**(Brought on behalf of Plaintiffs and the Fair Workweek Class)**

109.    Plaintiffs, on behalf of themselves and the Fair Workweek Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

110.    Defendants are required to notify their current employees about newly available shifts and offer them those shifts before hiring any new employees.  N.Y.C. Admin. Code § 20-

1241.

111.    Defendants are required to maintain records that document their compliance with the Fair Workweek Law for three years.  N.Y.C. Admin. Code § 20-1206(a).  A failure to maintain, retain, or produce a required record that is relevant to a material fact creates a rebuttable presumption that such fact is true.  N.Y.C. Admin. Code § 20-1206(b).

112.    Defendants committed a unique violation of Section 20-1241 of the Fair Workweek Law each time they failed to offer a current employee the shifts they subsequently offered to a new hire in the same Defendants' location.

113.    As a result of Defendants' violations of Section 20-1241 of the Fair Workweek Law, Plaintiffs and the Fair Workweek Class are entitled to: (1) an order directing compliance; (2) compensatory damages and any other relief required to make the employee whole; and (3) reasonable attorney's fees.

### SIXTH CAUSE OF ACTION
**NYLL – Failure to Provide Wage Notices**
**(Brought on behalf of the Plaintiffs and the NYLL Class)**

114.    Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

115.    Defendants willfully failed to supply Plaintiffs and the NYLL Class members with wage notices at the time of their hire, as required by the NYLL, Article 6, § 195(1), in English or in the language identified as their primary language, containing their rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designated by the employer in accordance with the NYLL, Article 6, § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business,

and a mailing address if different; the telephone number of the employer; plus such other information as the Commissioner of Labor of the State of New York had deemed material and necessary.

116.    Through their knowing or intentional failure to provide Plaintiffs and the NYLL Class members with the wage notices required by the NYLL, Defendants willfully violated the NYLL, Article 6, §§ 190, *et seq*., and the supporting New York State Department of Labor Regulations.

117.    Pursuant to the NYLL § 198(1-b), for each week after hire that Defendants failed to provide the statutorily required wage notice to Plaintiffs and the NYLL Class members, they are liable for $50.00 per workday that the violation occurred, up to a maximum of $5,000 per employee, plus attorney's fees and costs.

**SEVENTH CAUSE OF ACTION**
**NYLL – Failure to Provide Accurate Wage Statements**
**(Brought on behalf of the Plaintiffs and the NYLL Class)**

118.    Plaintiffs, on behalf of themselves and the NYLL Class, reallege and incorporate by reference all allegations in all preceding paragraphs.

119.    Defendants have willfully failed to supply the Plaintiffs and the NYLL Class with accurate statements of wages as required by the NYLL, Article 6, § 195(3), containing the address and phone number of the employer and rate or rates of pay and the bases thereof.

120.    Through their knowing or intentional failure to provide Plaintiffs and the NYLL Class with the accurate wage statements required by the NYLL, Defendants have willfully violated the NYLL, Article 6, §§ 190*, et seq.*, and the supporting New York State Department of Labor Regulations.

121.    Due to Defendants' willful violations of the NYLL, Article 6, § 195(3), Plaintiffs and the NYLL Class are entitled to statutory penalties of $250 for each workweek that Defendants failed to provide them with accurate wage statements, or a total of up to $5,000, reasonable attorneys' fees, costs, and injunctive and declaratory relief, as provided for by the NYLL, Article 6, § 198(1-d).

## PRAYER FOR RELIEF AND DEMAND FOR JURY TRIAL

**WHEREFORE**, Plaintiffs, individually, and on behalf of all other similarly situated persons, respectfully request that this Court grant the following relief:

A.    Designation of this action as a collective action on behalf of the FLSA Collective Members (asserting FLSA claims and state claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

B.    Designation of Plaintiffs as Representatives of the FLSA Collective;

C.    Certification of this case as a class action pursuant to Federal Rule of Civil Procedure 23;

D.    Designation of Plaintiffs as representatives of the Fair Workweek Class, and counsel of record as Class Counsel;

E.    Designation of Plaintiffs as representatives of the NYLL Class, and counsel of record as Class Counsel;

F.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA, the NYLL and the Fair Workweek Law;

G.    An award of unpaid wages and damages, according to proof, including liquidated damages;

H.    Unpaid schedule change premiums;

I.    Compensatory damages and any other relief required to make the employee whole;

J.    Statutory penalties of $50 for each workweek that Defendants failed to provide the Plaintiffs with a wage notice, or a total of $5,000, as provided for by the NYLL, Article 6 § 198;

K.      Statutory penalties of $250 for each workweek that Defendants failed to provide

the Plaintiffs with accurate wage statements, or a total of $5,000, as provided for by the NYLL,

Article 6 § 198;

L.      Appropriate equitable and injunctive relief to remedy Defendants' violation of

NYLL, including but not limited to an order enjoining Defendants from continuing its unlawful

practices;

M.      Penalties, as provided by law;

N.      Reasonable service awards for each named Plaintiff to compensate them for the

time they spent attempting to recover wages for Class Members and for the risks they took in doing

so;

O.      Attorneys' fees and costs of action incurred herein, including expert fees;

P.      Pre-judgment and post-judgment interest, as provided by law; and

Q.      Such other legal and equitable relief as this Court deems necessary, just, and proper.

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs demand a jury trial.


Dated: July 10, 2023                              Respectfully submitted,

                                                  */s/ Sally J. Abrahamson*

                                                  Sally J. Abrahamson
                                                  sabrahamson@flsalaw.com
                                                  **Werman Salas P.C.**
                                                  335 18th Pl NE
                                                  Washington, D.C. 20002
                                                  Phone No.: (202)744-1407
                                                  Fax No.: (312) 419-1025

                                                  John J. Frawley (*pro hac vice* motion
                                                  forthcoming)
                                                  jfrawley@flsalaw.com
                                                  **Werman Salas P.C.**

77 W. Washington St., Suite 1402
Chicago, Illinois 60602
Phone No.: (312) 419-1008

*Attorney for Plaintiffs and the Putative
Collective and Class*